23 C.C.P.A. (Patents)

## In re KAUFFMAN.

### Patent Appeal No. 3604.

Court of Customs and Patent Appeals.
April 6, 1936.

H. C. Lord, of Erie, Pa. (Charles E. Riordon, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The alleged invention in the instant appeal relates to an improvement in clothes wringers and an improved roll for such wringers. Claims 1 to 5, inclusive, and 10 to 13, inclusive, being all the claims in appellant's application, were rejected by the Primary Examiner of the United States

Patent Office, upon five prior art references. Upon appeal to the Board, it regarded two of the references as not being relevant to the wringer structure claimed by the applicant and rested its decision upon the three remaining references which follow: Smith, 131,714, September 24, 1872; Zimmerman, 344,337, June 22, 1886; Folke, 1,661,654, March 6, 1928.

Claims 1, 5, and 13 are typical of the rejected claims and follow:

"1. In a wringer, the combination of a frame; rubber rolls mounted in the frame in friction driving engagement, one of the rolls having a roughened driving clothes squeezing rubber surface; means for driving one only of said rolls; and means mounted in the frame exerting yielding wringing pressure on the rolls holding the rolls in driving engagement separated only by the indrawing of the material operated upon.

"5. In a wringer, the combination of a frame, rubber rolls mounted in the frame in friction driving engagement, one of the rolls having a shallow ribbed driving clothes squeezing rubber surface; means for driving one only of said rolls; and means mounted in the frame exerting yielding wringing pressure on the rolls holding the rolls in driving engagement separated only by the indrawing of the material operated upon.

"13. A wringing roll having a shaft; and a rubber body on the shaft having a ribbed driving clothes squeezing rubber surface, the dimension of the depressions in the ribbed surface having relation to the density of the rubber to be substantially closed by the driving squeeze on the rolls, the major portion of the roll from the shaft out being of resilient rubber and the ribbed surface extending over a major portion of the length of the roll."

The application shows a wringer where one of the rolls is an idler and driven only by friction from the other roll and where the surface of the positively driven roll is roughened or lightly scored, which roughening or scoring is intended to facilitate the initial bite on the clothes when starting them through the rollers. The ribbed or depressed portions in the said rubber roll are also said to have such a relation to the density of the rubber that during the squeezing operation the resilient ribs will be pressed by the squeezing action to a point where the water expelled from the clothes will not be pocketed and carried through the wringer. Appellant states that, "The recognition that such ribs could be used in rubber without carrying the water through the pass is one of the basic conceptions on which the invention is founded."

The patent to Zimmerman shows a wringer with two rollers, movement of the upper one of which is imparted by friction from the lower roller or the clothes between them. The patentee states that his shaft or roller is "covered with rubber in the usual way of making such rollers." Nothing in the patent, however, would indicate that Zimmerman intended the surfaces of either of the rollers to be roughened.

The patent to Smith discloses a wringer wherein the upper roller is of rubber and is idly driven. The driver roller has a roughened surface and the upper roller is, by the patentee, said to be a "loose elastic roller" which is depressed upon the rough surface-driver by certain guide rollers which are not of importance here. Concerning his roller, Smith says:

"* * * In the example shown in the drawing, the rough surface-driver consists of a fluted metallic roller, but it must be remarked that said roller might be made of wood or any other suitable material, and provided with a surface of any suitable nature and of sufficient roughness to prevent the same from slipping or gliding on the clothes being passed through the wringer. * * *"

The patent to Folke relates to clothes wringers, particularly to roller devices connected therewith intended to promote the safety of the operator. Folke has a driving gear connection between certain of the rolls. The safety rolls are termed feed rolls and are meant to feed the clothes into the rollers and serve as guards to the wringer rolls. The rolls are driven by gear mechanism, and the patent emphasizes this gearing device. The upper roll of the feeding device is driven from the lower roll and they are held together by a light spring. The feeder rolls are provided with a ribbed, rubber surface.

The Board was of the opinion that appellant's claims were not patentable over Smith or Folke. It said:

"It is our opinion that patentability is not presented by applicant's claims over the disclosure of Smith or Folke. We think it is clearly suggested, if not definitely disclosed, that the surface of an ordinary

wringer roll might be roughened if it is found that difficulty is experienced in causing the rollers to nip or take hold of the fabrics when fed thereto. This appears to be too simple and obvious an expedient to be considered as amounting to invention. In this relation it is considered not unwarranted to take note as a matter of common knowledge that roughened surface will decrease tendency to slip as in rubber stair treads and other rubber floor tread surfaces as well as nonskid tread of automobile tires. The dimensions of the projections in each application is held to be a matter of mere test or experiment."

Ribbed or roughened rubber rolls on wringers were old in the art when appellant entered the field. We are of the opinion that patentability cannot rest in the depth of the ribs or corrugations alone, but that this is a matter of degree and a proper subject for experimentation by any one desiring to get the best results from a wringer of this type. Nor do we think invention could be predicated upon the mere ascertainment of the fact that small ribs are less likely to carry water through the wringer than large ones.

We agree with the decision of the Board of Appeals and the same is affirmed.

Affirmed.

LENROOT, J., concurs in the conclusion.